## PLACE v. LYON.

ERROR from a judgment in the Court of Common Pleas. The original action was on a note, for one hundred Spanish-milled dollars, with interest, dated 9th March, 1785. The defendant pleaded to the jurisdiction — That the parties, at the impetration of the writ, were both inhabitants of the state of Rhode Island; and that the defendant was only occasionally in this state at the time when the writ was served;— but the plea was overruled.

The defendant then pleaded in bar — That by a certain statute, passed by the legislature of the state of Rhode Island, at their session, in May, A. D. 1786, for emitting a sum in paper bills, and regulating the disposition thereof; among

other things, it stands enacted — " That the said bills shall be a good and lawful tender, for the complete payment and final discharge of all debts now due and contracted, and that may hereafter become due and be contracted; and for the final and full discharge of all fines and forfeitures, judgments and executions, now had, become due, and recovered, of every nature and kind whatsoever, within this state.

" That if any creditor or creditors, their lawful agent, or attorney, shall refuse to receive any of the aforesaid bills, in discharge of any debt or demand — that then and in that case, it shall and may be lawful for the said debtor to make application to a justice of the Superior Court of Judicature, etc. or to any justice of the Inferior Court of Common Pleas, of the county wherein said debtor lives, or is resident; and the said justice, upon such application, shall grant a citation, (and here follows the form of the citation) which is to be served by the officer personally upon the creditor, or his agent, or attorney, or, in case of absence, by leaving an attested copy of the same at the creditor's, his agent's, or attorney's last and usual place of residence, or abode. And in case the said creditor, his agent or attorney, after having had such notice, does not appear, agreeable to the said citation, the said justice shall give a certificate, expressing the lodging of said money in the hands of said justice; and the said certificate shall be a sufficient plea in bar to all and every action and actions that shall or may be brought for the recovery of money so lodged and tendered, and shall forever operate as a discharge  and a *bona fide* payment of said debt,

in all and every court and courts, having jurisdiction in this state."

And that, on the 7th day of December, 1786, he tendered to the plaintiff the contents of said note, and lodged the same, agreeably to the directions of said statute.

To this plea there was a demurrer, and joinder in demurrer; and judgment for the plaintiff.

Upon both points the judgment was affirmed.— For,

By the whole COURT. As to the plea in abatement — it was not sufficient: — The action being for a debt, which depended not on local laws for its creation, was in its nature transitory, and followed the person of the debtor; and citizens of any other of the United States have, by the articles of the confederation, the same right to sue here as citizens of this state. If the suit, as suggested, was vexatious, the defendant has his remedy; but whether it was so or not, was not triable upon his plea of abatement.

As to the plea in bar — it appears that the contract was for silver money, and specifically for dollars; a tender of bills, therefore, was not a fulfilment. The statute declaring the bills a tender, was subsequent to this contract, and could not have a retrospective operation to vary and defeat it, however it might affect those made after the law was promulgated. It is a fundamental principle of jurisprudence, that *ex post facto* laws, declaring criminal what was not so when the facts were done, or impeaching contracts lawfully made, are inoperative; which principle a court of justice is not at liberty to depart from, especially to give efficacy to the institutions of a foreign jurisdiction.